UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| GONZALO BONIFACIO CUENCA PEREZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6: 21-199-WOB |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN GILLEY, WARDEN, | ) | **MEMORANDUM** |
| | ) | **OPINION AND ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Gonzalo Bonifacio Cuenca Perez is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Cuenca Perez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] That petition is before the Court on initial screening pursuant to 28 U.S.C. § 2241. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Cuenca Perez's petition.

In 2017, Cuenca Perez pled guilty to conspiracy to possess with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. *See United States v. Gonzalo Bonifacio Cuenca Perez*, No. 0:16-cr-60299-WPD (S.D. Fla. 2017). The trial court then sentenced Cuenca Perez to 120 months in federal prison. *See id.* at R. 68. Cuenca Perez did not file a direct appeal. That said, Cuenca Perez recently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, but the trial court denied that request for relief. *See id.* at Rs. 71, 72.

Cuenca Perez has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. Cuenca Perez argues that the prosecution failed to meet its burden of proving

-1-

jurisdiction in his federal criminal case, and he suggests that his plea agreement was defective. [*See id.* at 3-5].  Ultimately, Cuenca Perez asks this Court to vacate his sentence.  [*See id.*].

Cuenca Perez's petition, however, constitutes an impermissible collateral attack on his conviction.  Although a federal prisoner may challenge the legality of his conviction on direct appeal and through a timely § 2255 motion, he generally may not do so through a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition).  That is because a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Simply put, as a general matter, Cuenca Perez cannot use a § 2241 petition as a way of challenging his conviction.

To be sure, there is a limited exception under which federal prisoners have been permitted to challenge the validity of their convictions in a § 2241 petition.  However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can establish his actual innocence by demonstrating:

> (1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

*Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Cuenca Perez has not met these requirements.  In fact, Cuenca Perez has not clearly identified any new, retroactive interpretation of statutory law that applies to the merits of his case, let alone law that makes it more likely than not that no reasonable juror would have convicted him. Plus, even if Cuenca Perez had identified such legal authority, he could have certainly incorporated

it into his § 2255 motion, which the federal trial court in Florida denied only very recently.  In fact, Cuenca Perez could presumably still raise his argument in an appeal of the denial of his § 2255 motion, further undermining the need for his present petition.

In sum, Cuenca Perez's petition constitutes an impermissible collateral attack on his underlying conviction.  Thus, this Court may not entertain his § 2241 petition and will dismiss it for lack of subject-matter jurisdiction.  *See Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021).

Accordingly, it is hereby **ORDERED** as follows:

1. Cuenca Perez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 2nd day of December, 2021.



Signed By:
*William O. Bertelsman* WOB
United States District Judge